**UNITED STATES of America**

v.

**Mitchell WALL, Defendant**

**No. CR. 00–77–P–C.**

United States District Court,
D. Maine.

Feb. 20, 2002.

Robert M. Napolitano, Neale A. Duffett, Esq., Cloutier, Barrett, Cloutier & Conley, Portland, ME, for Mitchell Wall, defendant.

Helene Kazanjian, Esq., Office of the U.S. Attorney, Portland, ME, for U.S. Attorneys.

**ORDER DENYING DEFENDANT'S MOTIONS FOR A NEW TRIAL AND TO SET ASIDE THE VERDICT**

GENE CARTER, District Judge.

■ Before the Court for disposition are Defendant's Motions for a New Trial and to Set Aside the Verdict (Docket Nos. 43–1, 43–2). The Government has responded thereto (Docket No. 51). After full review of the written submissions on the motions and the Court's trial notes and recollection of the evidence at trial, the motions will be **DENIED.** "The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade,* 94 F.3d 9, 14 (1st Cir.1996) (quoting *United States v. Indelicato,* 611 F.2d 376, 386 (1st Cir. 1979)). To prevail on a motion for a new trial, Defendant must establish four propositions: "that the evidence was: (i) unknown or unavailable at the time of trial, (ii) despite due diligence, (iii) material, and (iv) likely to result in acquittal upon retrial." *United States v. Tibolt,* 72 F.3d 965, 971 (1st Cir.1995) (citations omitted), *cert. denied, Tibolt v. United States,* 518 U.S. 1020, 116 S.Ct. 2554, 135 L.Ed.2d 1073 (1996).[1] "If, however, the 'new' evidence was within the government's control and

---

1. No contention is made that outrageous police misconduct warrants dismissal. *See*

*United States v. Baumwald,* 1989 WL 135944 (D.Me.), *aff'd, United States v. Panitz,* 907

its disclosure was withheld, the third and fourth criteria are less stringent." *Id.* The Government disputes only the latter two points. The failure of Defendant to establish that the error was material or that exclusion of the evidence would likely result in acquittal requires that a new trial not be granted.

Defendant's motions are based on the introduction into evidence of Government's Exhibit 18, consisting of $115 in currency, and the testimony of the local police officer that it had been seized on September 4, 1999, in a search, pursuant to a search warrant, of Defendant's living room. It was offered in evidence by the Government and was admitted without objection by Defendant. After trial had been completed and a verdict returned, the Assistant United States Attorney learned, for the first time, that Exhibit 18 had not been seized from Defendant's apartment (61 High Street) but, rather, from an apartment nearby Defendant's apartment (64 High Street), pursuant to another search warrant. The Government argues that "the fact that $115 cash came from an apartment other than Wall's is largely irrelevant," not material, and that it is not "likely to result in acquittal upon retrial." Government Opposition To Motion To Set Aside Verdict, Motion For New Trial (Docket No. 51) at 21, 22.

■ The Court is convinced that the outcome in this case is not undermined by the Government's revelation that it mistakenly introduced improper evidence against Defendant. Nondisclosure is

> "material" only if there is "a reasonable probability" that the evidence would have changed the result, and a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." ... A reversal [and a remand

for new trial] might be warranted in some cases even if there is less than an even chance that the evidence would produce an acquittal ... if the evidence is close and the penalty significant.

*Tibolt,* 72 F.3d at 971–72 (upholding denial of motion for new trial, despite newly discovered evidence contradicting officer's testimony, where officer lacked accurate memory rather than perjuring himself, and because evidence was of "marginal direct probative value"); *see also United States v. Sepulveda,* 15 F.3d 1216, 1220, 1220 n. 5 (1st Cir.1993) (noting that newly discovered evidence pertaining exclusively to a government's witness's credibility rarely warrants new trial). The Court of Appeals for the First Circuit has also denied a motion for a new trial when, absent bad faith, officers failed to follow standard police procedure. *See United States v. Arache,* 946 F.2d 129 (1st Cir.1991) (officer's failure to retain pouch and papers found in box on top of drugs did not comply with standard police procedure but did not constitute such bad faith as to entitle defendant to new trial).

I **FIND** that the police officer at trial testified erroneously, but in good faith, in stating that Exhibit 18 was currency seized from Defendant's apartment. I also **FIND** that the trial prosecutor acted without knowledge of the officer's error and in good faith in offering Exhibit 18 into evidence. I **FIND** that the fact that Exhibit 18 was found elsewhere than in Defendant's apartment is not material to any issue at Defendant's trial. I **FIND** that absent the officer's mistaken testimony as to where it was seized, there would have been no basis for its admission over objection at Defendant's trial. If the officer had not mistakenly testified, the jury would never had known of Exhibit 18, and it would not have affected their delibera-

F.2d 1267 (1st Cir.1990), and *United States v.*   Rosen, 929 F.2d 839 (1st Cir.1991).

 

tions on Defendant's guilt in any way. Nonetheless, I **CONCLUDE** that the admission of the exhibit and related testimony caused no prejudice, on the entire record made at trial, to Defendant.

The issue at trial was whether the Government had proven beyond a reasonable doubt that Defendant had *distributed* the cocaine from ingestion of which Ms. Fortin died. The issue was not whether he *purchased* it with currency or *sold* it to those who used it. The issue was whether he had distributed it; that is, caused actual and/or constructive possession of the cocaine to pass from one person to another as a result of which Fortin died. The record is replete in this case with highly persuasive evidence, most of it uncontradicted on the record, from which a jury could reasonably have concluded that Defendant left the apartment on the evening in question, got possession of the cocaine, part of which Fortin ingested, returned to the apartment with it, and either gave it to Leach and others who injected it into Fortin or that he, himself, did so. Leach, Fortier, Powers and the Defendant himself testified that Defendant obtained from his supplier the cocaine used by the group the night Fortin died. In addition, Leach testified that she observed Defendant inject Fortin with cocaine that night. Distribution is proven either by Defendant's delivery of the cocaine to others or by his conduct in injecting the drug into Fortin. There was ample testimony about the presence and disposition of currency, other than that contained in Exhibit 18, and the role that such currency played in Defendant obtaining the cocaine. But the use of that or any other currency to obtain cocaine was of little significance, if any, on the ultimate questions of whether distribution of cocaine occurred and whether Defendant committed the acts necessary to constitute distribution. The evidence regarding the presence of $115 in Defen-

dant's apartment was, therefore, not material to the verdict in this case.

### CONCLUSION

Accordingly, the Court **ORDERS** that Defendant's Motions For A New Trial And To Set Aside The Verdict be, and they are hereby, **DENIED.**